NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1150
(Serial No. 10/211,128)

IN RE MASAYUKI CHATANI and GLEN VAN DATTA

Colby B. Springer, Carr & Ferrell LLP, of Palo Alto, California, argued for appellant. On the brief was Robert J. Yorio.

Thomas W. Krause, Associate Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for the Director of the United States Patent and Trademark Office. With him on the brief were Stephen G. Walsh, Acting Solicitor, and Benjamin D.M. Wood, Associate Solicitor.

Appealed from: United States Patent and Trademark Office,
Board of Patent Appeals and Interferences

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1150

(Serial No. 10/211,128)

IN RE MASAYUKI CHATANI and GLEN VAN DATTA

_____

DECIDED: November 19, 2007

_____

Before MAYER, <u>Circuit Judge</u>, JACOBS, <u>Chief Judge</u>*, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Masayuki Chatani and Glen Van Datta (collectively, "Chatani") appeal the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences, affirming the examiner's rejection of claims 1-3, 5-9, 11-15, 17-20, and 22-24 of Chatani's application, No. 10/211,128 (the "'128 application"), as anticipated by U.S. patent number 6,560,636 (the "'636 patent") to Cohen et al. <u>Ex Parte Masayuki Chatani and Glen Van Datta</u>, Appeal No. 2006-2251 (Oct. 18, 2006). Because the board properly construed Chatani's claim and found it anticipated by Cohen, we <u>affirm</u>.

<u>BACKGROUND</u>

The '128 application claims a method for a multi-user application that manages participants in an online session so that if the first participant (the "host") exits the

_____

* Honorable Dennis Jacobs, Chief Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

session, the system detects the departure, notifies the other participants, and re-assigns host functionality to a remaining participant so the session continues without interruption. The crux of the parties' dispute is whether the steps in representative claim 1, reproduced here, must be performed sequentially.

1. A method of managing participants in an online session of a multi-user application, comprising:

initiating an online session of the multi-user application, the online session including two or more participants comprised of network computers that are communicatively linked to a computer network;

detecting that a first participant has disconnected from the online session, wherein the first participant is responsible for managing certain managerial functionality associated with the running of the multi-user application;

broadcasting a notification to existing participants of the online session over the communication network, thereby notifying the existing participants that the first participant has disconnected from the online session;

re-assigning the functionality associated with the first participant to an existing participant of the online session.

The board relied on the disclosure of Cohen as a single prior art reference disclosing each and every element of the claimed invention. Cohen likewise teaches a method for transferring managerial responsibility from an exiting host to a remaining participant in an online session. Chatani asserted a difference between his invention, which detects that a first participant *has disconnected* from the online session, and Cohen's invention, which requires that a host change packet be sent to other participants *before disconnection*. The board appreciated the difference between the two inventions, but nevertheless found the claimed condition was drafted broadly enough to read on the other condition.

On appeal, Chatani reiterates that his invention is novel because it solves the "unexpected departure problem" by alerting online participants to the host's departure without requiring any affirmative action on the part of the host. He argues that the claim

requires performance in the order written, and because Cohen does not require each element in the '636 patent to be performed in a particular order, the claim is not anticipated by Cohen. The Solicitor disagrees, arguing that (i) the method's steps do not recite an order, (ii) the logic and grammar of the claim language does not require performance in the order written, and (iii) the specification neither requires nor suggests such a narrow construction of the claim.

## DISCUSSION

Claim construction is reviewed de novo on appeal. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). During prosecution, claims must be given their "broadest reasonable interpretation," In re Hyatt, 211 F.3d 1367, 1372 (Fed. Cir. 2000), so this court reviews the board's interpretation of disputed claim language to determine whether it is "reasonable" in light of the evidence before the board. In re Morris, 127 F.3d 1048, 1055 (Fed. Cir. 1997). There is no dispute that the claimed method does not recite an order of performance, and we agree with the board that Chatani's claim need not be read sequentially.

The board correctly determined that the claimed condition broadly recites detecting disconnection from the online session. The claim does not dictate whether a non-human system or online participants perform the "broadcasting" or "detecting" steps. An artisan in the field could read the claim to include a scenario in which the host sends a broadcast notification that he or she "has disconnected" to the other participants and then disconnects; receipt of the notification leads the other participants to detect or discern that the host composition has changed. So the claim language on its face does not require sequential performance, and we decline to infer what should

have been made explicit in the claim during prosecution. To arrive at Chatani's proposed construction would require improperly reading limitations into the claim.

"Anticipation is a question of fact," Hoover Group, Inc. v. Custom Metalcraft, Inc., 66 F.3d 299, 302 (Fed. Cir. 1995), as is what prior art discloses, Para-Ordinance v. SGS Importers, 73 F.3d 1085, 1088 (Fed. Cir. 1995). Chatani distinguishes his invention from Cohen's on the basis of his system's method of detecting the host's unexpected departure independent of the host's own actions. The claim language, however, is not limited to a particular method of detection or departure. There is no limitation in the '128 application that prevents the term "has disconnected" from being interpreted to include a participant's detection that the host "has disconnected" after receiving the host change packet. Moreover, claim 10 of Cohen explicitly recites, "in response to the first host client exiting … receiving at the remaining clients a host change notification packet sent by the departing first host." This claim demonstrates that Cohen contemplates the first host exiting prior to the remaining hosts receiving notification, which would allow them to detect that the first host has disconnected. Therefore, the claim can be read to include the prior art. Both inventions initiate a session, detect a departure, notify those remaining, and re-assign host functionality. The claim language does not limit the claims to detecting that the host has disconnected from an online session unexpectedly and independent of actions taken by the host. Because Cohen's disclosure contains each element of Chatani's claims, there is substantial evidence to support the board's anticipation determination.